Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5775 | **DATE** | 3/1/2002 |
| **CASE TITLE** | Harry Rodriguez vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, defendants' Rule 12(b)(6) motion is granted as to FAC count VI but is denied in all other respects. Defendants are ordered to answer the FAC on or before March 15, 2002. In the meantime the previously-scheduled status hearing of March 7 will remain in place to discuss the procedures and timing for moving this action forward for its ultimate resolution. (17-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 04 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/1/2002 | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY RODRIGUEZ, )
)
        Plaintiff, )
)
v. ) No. 01 C 5775
)
KENNETH R. BRILEY, et. al., )
)
        Defendants. )

DOCKETED
MAR 0 4 2002

MEMORANDUM OPINION AND ORDER

Attorney Stephen Brundage, appointed counsel for Stateville Correctional Center ("Stateville") inmate Harry Rodriguez ("Rodriguez"), has filed a timely response and supporting Memorandum of Law (cited "Mem. --") to the pending motion to dismiss Rodriguez' First Amended Complaint ("FAC") under Fed. R. Civ. P. ("Rule") 12(b)(6). That motion had been filed by the Attorney General's Office on behalf of all five defendants: Stateville Warden Kenneth Briley, Stateville Captains Hughes and Stigler, Illinois Department of Corrections ("Department") Director Donald Snyder and Department's Assistant Director George DeTella ("DeTella"). Although the brief response is in somewhat odd form, that is occasioned by the manner in which the motion itself is framed.[1] But attorney Brundage's Memorandum of Law

---

[1] Defendants' motion is set out in 14 numbered paragraphs that mix aspects of Rodriguez' FAC allegations and his claims with summary statements of the legal conclusions that are advanced on defendants' behalf. Attorney Brundage understandably responded to that format on a paragraph-by-paragraph basis with simple admissions or denials, so that neither side's presentations really advance the dialog in a meaningful way.

serves Rodriguez well: It carefully articulates the reasons why the Rule 12(b)(6) motion should be denied in principal part while being granted in only one respect.

It is really unnecessary to rehearse the required perspective with which the FAC must be viewed as prescribed by the seminal decision in <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), for the parties are of one voice on that score. Nor is there any need to spell out the substantive requirements of the Eighth Amendment[2] as applied to prisoners, for again the litigants are together in looking to <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) in that regard. Instead this opinion turns directly to the manner in which those applicable criteria bear on the grievances asserted by Rodriguez.

There is no question, nor does Rodriguez dispute, that the "storage box rule," promulgated by defendant DeTella when he was Stateville's Warden and still in effect in amended form under Warden Briley's stewardship, is a valid penological requirement. This Court agrees with the holding to that effect by its

---

Both sides' legal memoranda are a different matter, however, and this opinion focuses on the parties' arguments as presented there.

[2] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

2

colleague Honorable Blanche Manning in <u>Parker v. DeTella</u>, No. 98 C 644 (1998 WL 164817 (N.D. Ill. Apr. 3)). What is rather at issue here is whether the disciplinary responses that defendants have visited on Rodriguez because of those violations are so severe as to run afoul of the standards established by <u>Farmer</u> and other cases.

This is not of course a matter of attempting to constitutionalize the goal announced by Gilbert and Sullivan's Mikado--"to let the punishment fit the crime." It is instead a recognition that under solidly established caselaw the prison authorities' obligation to avoid "cruel and unusual punishment" precludes the imposition of constraints that unreasonably deprive a prisoner of the necessities of life (and food and showers certainly fall in that category).

To that end Rodriguez' counsel persuasively invokes the decision in <u>Cooper v. Sheriff of Lubbock County</u>, 929 F.2d 1078 (5th Cir. 1991). And the way that principle plays out in terms of Rodriguez' FAC is this:

> 1. Rodriguez has stated a viable claim to the extent that he alleges the repeated withholding of weekly showers for over 1-1/2 years. It will not do for defendants to urge, as they have, that such denial is simply the byproduct of the disallowance of Rodriguez' movement out of his cell in response to his violations of the "storage box rule."

3

Those violations can readily be responded to by other effective and appropriate sanctions that do not entail such a basic deprivation.

2. That same concept prevents defendants from depriving Rodriguez of food (and on that score Cooper provides key authority).

3. It should however be understood that the just-stated ruling on the deprivation of food--the withholding of meals--does not extend to Captain Hughes' stated policy (the subject of Complaint Count VI) of removing at 8 a.m. breakfasts that have been delivered to Rodriguez' cell at 5 or 5:30 a.m. if Rodriguez himself has not chosen to finish such meals that have been in his possession for at least 2-1/2 hours.[3]

Two other aspects of the motion to dismiss merit minimal consideration. Here they are:

1. This Court will treat Rodriguez' damages claims as advanced against the defendants only as individuals--his reference to their capacities within the Illinois correctional system will simply be viewed as a confirmation that they are "state actors" so as to bring them within the ambit of 42 U.S.C. §1983. Hence defendants' effort to

---

[3] This ruling moots defendants' challenge to that claim based on Rodriguez' asserted failure to have exhausted his administrative remedies on that issue.

4

invoke sovereign immunity is denied.

2. Rodriguez' Mem. 5-8 correctly sets out the alleged personal involvement of each defendant in the claimed deprivations of his constitutional rights. Hence dismissal on that score is denied.

In summary, defendants' Rule 12(b)(6) motion is granted as to FAC Count VI but is denied in all other respects. Defendants are ordered to answer the FAC on or before March 15, 2002. In the meantime the previously-scheduled status hearing of March 7 will remain in place to discuss the procedures and timing for moving this action forward for its ultimate resolution.

                                   *[signature]*
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: March 1, 2002